IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TYRAS TATUM, | § | |
| TDCJ-CID No. 224911, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CV-123-Z-BR |
| | § | |
| DANIEL V. PACHECO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS TO DISMISS COMPLAINT**

Before the Court is the Amended Complaint (ECF 6) filed by Plaintiff Tyras Tatum ("Tatum") against Defendants Daniel V. Pacheco and T. Stevens, alleging violations of his civil rights. Tatum filed this lawsuit *pro se* while a prisoner in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"). As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Tatum's Complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915 and 1915A.

## I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a

questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs still must plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Legal Analysis

### A. Factual Background.[1]

Tatum filed this lawsuit against Assistant Warden Pacheco, alleging that Pacheco failed to change Tatum's work designation pursuant to his medical restriction that limited the distance he could walk. (ECF 15 at 4-5). Specifically, Tatum complains that working as a janitor violated this restriction, and filed a grievance asking to move to a different job. (ECF 6 at 16). In response to the grievance, Pacheco stated that Tatum's "only restriction is for no walking more than 200 yards. This restriction does not disqualify you from being a janitor." (*Id.* at 7). Ten days after Pacheco denied Tatum's grievance, Tatum was injured while working as a janitor when another inmate threw hot coffee on him. (*Id.* at 14; ECF 12 at 5; ECF 22 at 5).

[1]These background facts are taken from Tatum's Complaint (ECF 3), his three Amended Complaints (ECF 6, 18, 26) (notwithstanding his failure to obtain court permission to file amended complaints during screening), his supplements (ECF 5, 8, 16, 17, 22, 23) and questionnaire responses (ECF 12) and are presumed to be true for the purposes of screening.

Tatum later amended his Complaint to add an unspecified cause of action based on the death of his nephew, Christian Allison, who apparently was an inmate who recently died in the Clements Unit. (ECF 26). Tatum seeks an investigation into Allison's death. (*Id.*; ECF 18 at 4). He also added a claim against Captain T. Stevens, who wrote a grievance against him that Tatum believes should have been written against a different inmate. (*Id.* at 3). Tatum claims that Stevens is retaliating against him for filing this lawsuit. (*Id.* at 2). Lastly, he complains that Stevens wrongfully claimed that Tatum refused protective housing, also in retaliation for filing the lawsuit. (*Id.*; ECF 22).[2] He seeks compensatory and punitive damages as a result of Defendants' conduct.

**B. Supervisory Liability.**

Tatum first alleges that he sues Pacheco as a supervisor of the Clements Unit. (ECF 12 at 4). It is well established that supervisory officials are not liable for the acts of their subordinates unless they: (1) affirmatively participated in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (*citing Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). A prisoner must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under Section 1983, as prison supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Id.* at 304 (quotations omitted).

[2]Tatum initially asserted various additional claims arising from his time housed in the Formby Unit. Those claims were severed and transferred to the Lubbock Division of the U.S. District Court for the Northern District of Texas. (ECF 10).

In order to establish a claim for a deficient policy, a plaintiff must identify a policy or custom of the governmental entity (or of a final policymaker of the governmental entity) that caused a deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 435 U.S. 658, 694-95 (1978). Tatum has not alleged facts that satisfy this standard. Tatum has failed to state a plausible claim that Pacheco is liable in his supervisory role. Tatum's supervisory liability claims against Pacheco should be dismissed as frivolous.

**C. Attack By Co-Inmate.**

Tatum alleges that Pacheco refused to remove him from his job as a janitor and, as a result, another inmate threw hot coffee on Tatum while he was working. (ECF 12 at 4-6). Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *see also Horton v. Cockrell*, 70 F.3d 397, 400-02 (5th Cir. 1995). Pursuant to *Farmer*, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Id*. at 834.

Not every injury suffered by a prisoner at the hands of another, however, rises to the level of a constitutional violation. *Id.* at 834. Nor are prison officials "expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (citing *Farmer*, 511 U.S. at 834). Only deliberate indifference, "an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference" means that a prison official is liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847-48. Officials who fail to prevent an injury inflicted by fellow prisoners are liable only when they

possess the requisite mental state. *Id.* at 832-34.

Even accepting Tatum's version of events as true, he fails to provide any factual basis suggesting that Pacheco had (1) actual knowledge of any risk of serious harm before the attack by the coffee-throwing inmate; or (2) a reasonable opportunity to prevent the attack. The attack, as described by Tatum, apparently occurred without warning. There is no indication that Pacheco was on site at the time or had any opportunity to prevent it. There is no indication that Pacheco knew Tatum was in danger from other inmates while doing his job, or knew that Tatum would be in danger as a result of denying Tatum's request to change jobs. *See Anderson v. Wilkinson*, 440 F. App'x 379 (5th Cir. 2011) (reversing trial court's determination that warden was deliberately indifferent when an inmate threw scalding water on another inmate, when no previous similar events occurred). Accordingly, Tatum fails to allege facts showing that Pacheco was deliberately indifferent to Tatum's safety. His claim against Pacheco for failure to protect should be dismissed as frivolous.

**D. Grievance Response.**

Tatum next complains that Pacheco improperly denied Tatum's May 2025 grievance regarding his job assignment as a janitor. (ECF 12 at 5). Ten days later, Tatum had hot coffee thrown on him. (*Id.*). Tatum's allegation amounts to nothing more than a claim that Pacheco did not resolve Tatum's grievance to his satisfaction. "Prisoners do not have a federally protected liberty interest in having these grievances resolved to [their] satisfaction, and an alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless." *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (internal quotations omitted). The Fifth Circuit has stated that an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a "legally nonexistent interest." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Further, even an intentional cover-up does not amount to a constitutional violation. *See Cunningham v. de la Vaga*, 131 F.3d 141 (5th Cir. 1997) (per curiam) ("Regarding Cunningham's contention that the defendants conspired to cover up the attack …, Cunningham has not shown that the defendants violated any constitutionally protected right."). Accordingly, assuming the truth of Tatum's Complaint, his allegations against Pacheco regarding the improper handling of his grievance fail to state a claim. This claim should be dismissed as frivolous.

**E. Investigation into Nephew's Death.**

Tatum asks the Court to investigate the death of his nephew, who was an inmate at the Clements Unit. Standing is an essential component of subject matter jurisdiction that a plaintiff bears the burden of establishing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish standing under Article III of the Constitution, a plaintiff must allege an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Tatum has shown no particularized injury to himself that could be redressed by a favorable ruling.

Tatum may not invoke the rights of others or base standing on their injuries, whether actual or imminent. The standing inquiry is personal and individualized. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). As a *pro se* litigant, Tatum may not maintain a cause of action on behalf of other individuals, nor may he seek to vindicate the rights of others. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Accordingly, while the death of his nephew is unfortunate, it is not a claim that Tatum has standing to address. Such claim should be dismissed.

**F. Retaliation.**

Tatum alleges that Stevens retaliated against him for filing this lawsuit by first writing a grievance against Tatum that should have gone against another inmate, and second by falsely

stating that Tatum had refused protective custody. (ECF 18). When an inmate claims that he has been the subject of retaliation, he must show facts, not merely conclusions. *Whittington v. Lynaugh*, 842 F.2d 818 (5th Cir.), *cert. denied*, 488 U.S. 840 (1988). The plaintiff must present facts showing a retaliatory motive or the alleged conduct itself must raise an inference of retaliation in order to support a claim. *Id*. at 819. "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The fact that one event follows another in time does not amount to proof of retaliation. *Enlow v. Tishomingo County, Mississippi*, 45 F.2d 885, 889 (5th Cir. 1995).

A valid retaliation claim requires a plaintiff to allege that: (1) he exercised a specific constitutional right; (2) the defendant intended to retaliate against him because he exercised that right; (3) he experienced a retaliatory adverse act; and (4) the adverse act would not have occurred but for a retaliatory motive. *Welsh v. Cammack,* No. 23-10961, 2024 WL 3649583 at *5 (5th Cir. 2024) (citing *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999)). The Fifth Circuit has defined an actionable retaliatory adverse act as one "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). A plaintiff must offer direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. This is a "significant burden." *Id*. "Mere conclusionary allegations of retaliation" are insufficient. *Id.; see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (Conclusory allegations amounting to a plaintiff's "personal belief that he is the victim of retaliation" are insufficient to state a claim for relief). Causation requires a showing that "but for the retaliatory motive the complained of

incident … would not have occurred." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (citation omitted). In evaluating such claims, the Fifth Circuit has cautioned that "prisoners' claims of retaliation are regarded with skepticism" and should be "carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166).

Tatum alleges that Stevens retaliated against him for filing this lawsuit. While filing a lawsuit is a protected activity, Tatum fails to allege facts supporting his conclusory claim that Stevens intended to retaliate against him for filing this lawsuit, nor does he allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Accordingly, his claim fails and should be dismissed.

**G. Declaratory and Injunctive Relief.**

Tatum seeks an injunction against Pacheco, asking that the Court order safety orientation classes, to work with mentally ill inmates who throw items from their cells, and asking that he be assigned a different job. (ECF 5 at 9). He also asks the Court to declare that Defendants violated his civil rights. (*Id.*).

When seeking injunctive or declaratory relief, a plaintiff must allege facts evincing "a substantial and continuing controversy between two adverse parties ... [that is] real and immediate, and create[s] a definite, rather than speculative threat of future injury." *Bauer v. Texas*, 341 F.3d 352, 358 (th Cir. 2003). "Past exposure to illegal conduct does not in itself show a present case or controversy ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Rather, "[t]o obtain [declaratory or injunctive] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.; see Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir. 2020) (per curiam) (observing that, although *Lyons* addressed injunctive relief, its "reasoning applies

equally to declaratory relief"). Where the declaratory or injunctive relief is premised on *past* acts, a plaintiff must establish "either continuing harm or a real and immediate threat of repeated injury in the future." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). "The threat of future injury must be 'certainly impending'; mere '[a]llegations of *possible* future injury' do not suffice." *Adams v. Pearl River Valley Water Supply Dist.*, No. 21-60749, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022) (per curiam) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

Here, Tatum asks the Court to declare as unlawful *past* conduct by Defendants—thus, he is entitled to declaratory relief only if he has pleaded facts showing a continuing harm or immediate threat of repeated harm. *Herman*, 959 F.2d at 1285. He has not. After filing suit, Tatum was transferred out of the Clements Unit and ultimately to a halfway house. (ECF 24, 25). *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that even if an inmate was able to establish a Constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief); *Hood v. Alford*, 3:04-cv-0473-D, 2004 WL 1146582 at *1 (N.D. Tex. May 20, 2004), *R. and R. adopted*, 2004 WL 1393374 (N.D. Tex. June 21, 2004) ("Plaintiff is no longer incarcerated at the Johnson County Jail. His transfer … renders his claims for declaratory and injunctive relief moot as to all Defendants."). Because Tatum is no longer housed in the Clements Unit, his requests for declaratory and injunctive relief should be dismissed.

**H. Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster*, 587 F.3d at 767-68. The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason*, 14 F.3d at 9, or if the prisoner has pleaded his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d

395, 402 (5th Cir. 2020). Tatum has fully responded to the Court's questionnaire, has filed three amended complaints and six supplements, and has clearly stated his best case. Under these circumstances, the Court concludes that granting leave to amend would be futile and cause needless delay.[3]

## III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Tatum's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 15, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*** <u>NOTICE OF RIGHT TO OBJECT</u> ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28

---

[3]That notwithstanding, the 14-day objection period will permit Tatum the opportunity to proffer factual and/or legal bases, if any, to cure the deficiencies in his claims outlined herein.

U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).